IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONTE ESKRIDGE, #M-10220,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 20-338-RJD |
| ) | |
| **WOOLARD,** ) | |
| **KIM JOHNSON,** ) | |
| **MICHAELA REYNOLDS,** ) | |
| **GOHEEN LAMBERT,** ) | |
| **DR. SHAW,** ) | |
| **WARDEN DENNISON,** ) | |
| **JOHN DOE (Head Counselor,** ) | |
| **Clinical Services),** ) | |
| **and A. DAVID,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Ronte Eskridge brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights during his incarceration at Shawnee Correctional Center ("Shawnee") in the Illinois Department of Corrections ("IDOC"). (Doc. 1). At the time he filed the case, he was still in prison, but he has since been released on parole. (Doc. 8). Plaintiff claims that the prison food made him seriously ill and he was denied necessary medical treatment, violating his rights under the Eighth and Fourteenth Amendments. He seeks monetary damages and injunctive relief. (Doc. 1, p. 7).

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford Health Sources, Inc.'s limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memoranda of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: In August 2019 he filed a grievance to complain that the food at Shawnee was old and moldy and caused him to "catch the stomach flu." (Doc. 1, pp. 6, 24-25). He suffered "extreme" stomach symptoms including vomiting and frequent defecation from July 2019 through at least March 2020, during which he lost over 20 pounds. (Doc. 1, pp. 6, 8). Warden Dennison deemed Plaintiff's August 2019 grievance an emergency and Food Supervisor Woolard responded to the grievance, but nothing was done. Chaplain Lambert, Dennison, and Dr. Shaw denied Plaintiff's request for a no-meat and/or vegan diet which he sought to remedy his health problems. His December 30, 2019, grievance over these issues and Dr. Shaw's failure to give him adequate medical treatment during at least 5 visits was denied. (Doc. 1, pp. 6, 17-20).

Plaintiff was given Pepcid in October and November 2019, and on January 14, 2020. (Doc. 1, p. 10). Dr. David cancelled Plaintiff's appointment for a diagnosis/physical and instead prescribed Omeprazole for 7 months.[2] (Doc. 1, p. 11). However, Plaintiff was never given the Omeprazole despite having paid for it, and he continued to suffer digestive symptoms and could not eat normally. (Doc. 1, pp. 8, 11). Plaintiff saw Michaela Reynolds (a Head Nurse) on many occasions but she never took his symptoms seriously and did not refer him to the doctor. (Doc. 1, pp. 12-13).

---

[2] Plaintiff states he was prescribed Omeprazole on January 28, 2019, but it appears likely based on his other allegations that the date was in January 2020. (Doc. 1, p. 11). As of March 20, 2020, Plaintiff still had not received that medication. *Id.*

Kim Johnson denied and mishandled Plaintiff's grievances, intentionally omitting facts provided by health care staff. (Doc. 1, pp. 9-10, 12, 17-18). The response to his first grievance was delayed past the proper time frame. (Doc. 1, pp. 8-9).

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Fourteenth Amendment due process claim, and Eighth Amendment deliberate indifference claim against Woolard and Dennison for allowing Plaintiff to be served old and moldy food which sickened him and for failing to remedy the problem.

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Shaw for failing to adequately treat Plaintiff's stomach ailment and weight loss and denying him a vegan diet.

Count 3: Eighth Amendment deliberate indifference to serious medical needs claim, and Fourteenth Amendment due process claim against Lambert for denying Plaintiff a vegan or no-meat diet.

Count 4: Eighth Amendment deliberate indifference to serious medical needs claim against Dennison for denying Plaintiff a vegan diet and failing to obtain medical treatment for his stomach ailment and weight loss.

Count 5: Eighth Amendment deliberate indifference to serious medical needs claim, and Fourteenth Amendment due process claim against Dr. David for failing to adequately treat Plaintiff's stomach ailment and weight loss and failing to ensure that Plaintiff received his prescribed medication.

Count 6: Eighth Amendment deliberate indifference to serious medical needs claim, and Fourteenth Amendment due process claim against Reynolds for failing to refer Plaintiff to a physician despite his multiple health care visits for serious symptoms and significant weight loss.

Count 7: Fourteenth Amendment due process claim against Johnson for mishandling and wrongly denying Plaintiff's grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

Further, the Court notes that Plaintiff's requests for injunctive relief including "a proper health evaluation," and access to healthier food and adequate medical care appear to have become moot due to his release from prison. (Doc. 1, p. 7). The Court will not address these requests for relief unless Plaintiff can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

## Preliminary Dismissal

The Complaint lists the (John Doe) Head Counselor of Clinical Services among the Defendants, but the statement of claim does not include any allegations against this individual. (Doc. 1, pp. 1, 2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that person. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998). A plaintiff is required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based). Plaintiff has not set forth any claim against the John Doe Head Counselor of Clinical Services, therefore this Defendant will be dismissed from the action without prejudice.

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Count 1**

The allegations that Woolard and Dennison subjected Plaintiff to unconstitutional conditions of confinement by depriving him of safe, uncontaminated food are sufficient to state an Eighth Amendment deliberate indifference claim. Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Here, Plaintiff claims the tainted prison food caused him to become ill and to lose a significant amount of weight. He made Woolard and Dennison aware of these issues but asserts they failed to take any action. "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

However, the allegations do not support an additional Fourteenth Amendment claim. In order to state a claim for a violation of Fourteenth Amendment procedural due process rights, a plaintiff must first identify the deprivation of a constitutionally recognized liberty or property interest. *Domka v. Portage County*, 523 F.3d 776, 779-80 (7th Cir. 2008). Plaintiff has not done so here with respect to the inadequate food. The Fourteenth Amendment due process claims are essentially redundant to the Eighth Amendment claims. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (claims are to be analyzed under the most explicit sources of constitutional protections; duplicate claims "gain[] nothing by attracting additional constitutional labels"). For this reason, the Fourteenth Amendment component of Count 1 is dismissed.

Count 1 shall proceed for further consideration of the Eighth Amendment claim against Woolard and Dennison.

**Count 2**

Prison medical providers violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to his medical needs. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, medical negligence or even malpractice does not violate the Constitution. *Estelle*, 429 U.S. at 106; *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). The Eighth Amendment only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff indicates that Dr. Shaw was aware of his serious and persistent symptoms. He had seen Dr. Shaw for treatment at least 5 times by late 2019 and had lost over 20 pounds during that period. However, Dr. Shaw offered no effective treatment and denied Plaintiff's request for a vegan diet. (Doc 1, p. 6).

At this early stage, Plaintiff's Eighth Amendment claim that Dr. Shaw was deliberately indifferent to his medical condition is not subject to dismissal, thus Count 2 shall proceed for further consideration.

**Count 3**

Lambert is the prison chaplain. Plaintiff's attached notes reveal that "Nurse Michaela" told him that special diets were a spiritual matter "regardless of health status" and he should speak with the chaplain about his vegan diet request. (Doc. 1, p. 14). Chaplain Lambert denied Plaintiff the special diet because he had not shown a religious basis for his request. (Doc. 1, pp. 20, 27, 30).

Plaintiff does not claim that he had a religious reason for seeking the vegan/no-meat diet, and the Complaint indicates that he wanted the dietary change to alleviate his health problems.

Lambert was the prison chaplain, not a health care provider. There is no basis to hold Lambert responsible for denying Plaintiff a special diet accommodation which he sought for medical, as opposed to spiritual/religious reasons. No medical provider had prescribed a special diet for Plaintiff, and any question of whether one of the medical-provider Defendants should have done so may be addressed in the deliberate indifference claims against them. Plaintiff has failed to state a Fourteenth Amendment or an Eighth Amendment claim against Lambert upon which relief may be granted, thus Count 3 will be dismissed without prejudice.

**Count 4**

Warden Dennison is not a medical provider; Plaintiff's Eighth Amendment claims against him allege that Dennison knew from Plaintiff's grievances that Plaintiff was not receiving adequate medical care and that his vegan diet request had been denied, yet Dennison failed to take steps to ensure that these problems were rectified. (Doc. 1, p. 6).

Dennison could be found to have been deliberately indifferent to Plaintiff's medical needs, if it is determined that he was aware Plaintiff was not being given adequate medical treatment and failed to act. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

However, as discussed under Count 3, Plaintiff failed to state a claim against Chaplain Lambert for denying the vegan diet request. Because that claim will be dismissed, Plaintiff likewise cannot maintain a claim against Dennison based on the theory that Dennison should have reversed Lambert's denial of the vegan diet request; that portion of Count 4 is accordingly dismissed.

To summarize, Count 4 will proceed for further consideration only on the Eighth

Amendment claim against Dennison relating to the adequacy of Plaintiff's medical treatment.

### Count 5

Dr. David made some effort to treat Plaintiff's stomach ailment by prescribing Omeprazole but failed to ensure that Plaintiff actually received the medication. Plaintiff also claims that Dr. David did not physically examine him to diagnose his problem though he was aware of Plaintiff's serious symptoms and weight loss. (Doc. 1, p. 11).

At this early stage, it cannot be determined whether Dr. David's actions or alleged inaction amounted to deliberate indifference, negligence/malpractice, or were "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Accordingly, Count 5 will proceed for further review of Plaintiff's Eighth Amendment deliberate indifference claim. However, the Fourteenth Amendment due process claim against Dr. David will be dismissed as redundant. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

### Count 6

Plaintiff alleges that Nurse Reynolds was deliberately indifferent to his serious medical needs by refusing to refer him to a doctor despite his significant weight loss and other serious symptoms which she knew about from Plaintiff's numerous visits to the health care unit. The Eighth Amendment claim against Reynolds is not subject to dismissal at this stage. However, the Fourteenth Amendment due process claim against her will be dismissed as redundant.

### Count 7

Plaintiff's claim against Johnson arises from her alleged mishandling, delay, and/or denial of his grievances, which Plaintiff filed to complain about the misconduct of the medical staff and other prison officials.

In order to be held individually liable, "a defendant must be 'personally responsible for the

deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). A defendant's role in responding to prisoner grievances does not constitute "personal involvement" in the constitutional deprivation that gave rise to the grievance and the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

In accordance with this authority, Count 7 against Johnson will be dismissed without prejudice.

### Motion for Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.[4] Plaintiff states he has contacted three attorneys in an effort to obtain representation, but none has responded. (Doc. 3, p. 3). His education includes some college. (Doc. 3, p. 2). Plaintiff does not set forth any reason why he cannot adequately represent himself at this early stage of the litigation. Further, the information Plaintiff presents is not sufficient for the Court to determine whether he has made a reasonable effort to obtain counsel on his own. Thus, Plaintiff has not met his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should Plaintiff choose to move for recruitment of counsel in the future, he is **DIRECTED** to include in the motion the names and addresses of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

---

[4] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

**Disposition**

**IT IS HEREBY ORDERED** that portions of the Complaint (Doc. 1) survive preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed as follows: **COUNT 1** will receive further review against Defendants Woolard and Dennison for Eighth Amendment violations only; **COUNT 2** shall proceed against Shaw; **COUNT 4** proceeds against Dennison for Eighth Amendment violations related to Plaintiff's need for medical care only; **COUNT 5** proceeds against David for Eighth Amendment violations only; **COUNT 6** proceeds against Reynolds for Eighth Amendment violations only. The Fourteenth Amendment portions of **COUNTS 1, 5** and **6** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 3** and **7** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted. Defendants **JOHNSON**, **LAMBERT**, and **JOHN DOE (Head Counselor, Clinical Services)** are **DISMISSED** from the action without prejudice.

The Clerk of Court shall prepare for Defendants **WOOLARD, REYNOLDS, SHAW, DENNISON** and **DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer

shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED: December 22, 2020**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.