IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONTE ESKRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-338-RJD |
| | ) | |
| BOBBY WOOLARD, | ) | |
| MACHEL REYNOLDS, | ) | |
| VIPIN SHAH, M.D., | ) | |
| WARDEN JEFFERY DENNISON, | ) | |
| and ALFONSO DAVID M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Ronte Eskridge, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while incarcerated at Shawnee Correctional Center ("Shawnee"). In his complaint, Plaintiff alleges that the prison food made him seriously ill, he was denied specialized dietary needs, and he was denied of necessary medical treatment for his stomach issues. He alleges the issues he experienced violated his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks monetary damages and injunctive relief.

Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

   Count One: Eighth Amendment due process claim against Woolard and Dennison for allowing Plaintiff to be served old and moldy food which sickened him and for failing to remedy the problem.

   Count Two: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Shah for failing to adequately treat Plaintiff's

stomach ailment and weight loss and denying him a vegan diet.

Count Four:   Eighth Amendment deliberate indifference to serious medical needs claim against Dennison for failing to obtain medical treatment for his stomach ailment and weight loss.

Count Five:   Eighth Amendment deliberate indifference to serious medical needs claim against Dr. David for failing to adequately treat Plaintiff's stomach ailment and weight loss and failing to ensure that Plaintiff received his prescribed medication.

Count Six:   Eighth Amendment deliberate indifference to serious medical needs claim against Reynolds for failing to refer Plaintiff to a physician despite his multiple health care visits for serious symptoms and significant weight loss.

This matter is now before the Court on the Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants Vipin Shah, M.D., Alfonso David, M.D., and Machel Reynolds, LPN (Doc. 58), and the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Jeffery Dennison and Bobby Woolard (Doc. 62). For the reasons set forth below, the Motion filed by Shah, David, and Reynolds is **GRANTED**, and the Motion filed by Dennison and Woolard is **GRANTED IN PART AND DENIED IN PART.**

## Background

Defendants Shah, David, Reynolds, Dennison, and Woolard claim that Plaintiff failed to submit and fully exhaust grievances concerning the claims set forth against them in this lawsuit. The grievances relevant to the motions now before the Court include:

1. **Emergency Grievance Dated August 31, 2019 (Doc. 63-1 at 7, 9-10):** In this grievance, Plaintiff complains that the meals he is provided are improperly prepared and present a serious health risk to himself and others. Plaintiff also mentions he was seen in the healthcare unit on July 2, 2019 for stomach pain and provided "Mintax"

tablets and told there was nothing else they could do. The grievance was first received by the Chief Administrative Officer ("CAO") on September 6, 2019 and was deemed an emergency. The Counselor received the grievance on September 11, 2019 and responded. Plaintiff then appealed to the Administrative Review Board ("ARB") which received the grievance on January 24, 2020. The ARB returned the grievance without a decision on the merits and notified Plaintiff he needed to submit a copy of the Grievance Officer's and CAO's responses. There is no further documentation concerning this grievance in the record.

2. **Emergency Grievance Dated December 30, 2019 (Doc. 63-1 at 1-8):** In this grievance, Plaintiff grieves improper medical treatment and dietary needs for his stomach pains, vomiting, and defecation. On January 9, 2020, the CAO determined the grievance to be of an emergency nature and expedited review. The Grievance Officer reviewed the grievance on January 13, 2020, and recommended that the grievance be denied. On January 15, 2020, the CAO received the grievance and concurred with the Grievance Officer. Plaintiff appealed to the ARB. The ARB first received the documentation relating to this grievance on January 24, 2020 (along with Plaintiff's August 31, 2019 grievance) and directed Plaintiff to provide a copy of the Grievance Officer's and CAO's responses. It does not appear the ARB received a copy of the Grievance Officer's and CAO's responses on January 24, 2020. On March 4, 2020, the ARB again received this grievance, the CAO's response, the Grievance Officer's response, and the previous ARB response. However, it was returned without a decision on the merits because it was submitted more than thirty days after the CAO's decision.

    3. **Emergency Grievance Dated March 11, 2020 (Doc. 63-4 at 5-8)**: In this grievance, Plaintiff complains that he did not receive proper medication for his stomach issues. The Grievance Officer received the grievance on March 17, 2020. On March 23, 2020, the CAO expedited the grievance as an emergency[1]. The Grievance Officer reviewed the grievance on April 14, 2020 and recommended that it be denied, and on the same day, the CAO concurred. Plaintiff never appealed to the ARB.

Along with their motions, Defendants filed Rule 56 notices informing Plaintiff of his obligation to file a response to their motions within thirty days and advising him of the perils of failing to respond (*see* Docs. 60 and 64). Plaintiff's response to the motion filed by Defendants David, Reynolds, and Shah was due by November 17, 2021, and Plaintiff's response to the motion filed by Defendants Dennison and Woolard was due by December 20, 2021. No response to either motion has been received as of the date of this Order.

Plaintiff, however, included some argument regarding exhaustion of administrative remedies that he declared under penalty of perjury in his complaint. More specifically, Plaintiff remarked that he filed grievances on August 30, 2019 and December 30, 2019, and his issues were not remedied (Doc. 1 at 6). Plaintiff writes that the "first grievance" he filed (with no date provided) "mysteriously disappeared" for two months and therefore, was beyond the required timeframe (*Id.* at 8). In addition, Plaintiff asserts that the grievance "response procedure is ridiculous" and that "the counselors and grievance officers don't respond to the grievances on time," which takes away his opportunity to appeal (*Id.* at 12).

---

[1] There appears to be a discrepancy in the timeline as the Grievance Officer apparently received this grievance on March 17, 2020, before it was expedited for review by the CAO on March 23, 2020. Although the Court notes this curious timeline, it is not dispositive to the issues before the Court.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Exhaustion Requirements***

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a)

should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. § 504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Pursuant to Local Rule, a party's failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. SDIL-LR 7.1(c). In this case, Plaintiff has not filed a response to Defendants' motions for summary judgment. Plaintiff was properly notified of his responsibility to do so, and was given ample time and opportunity. In these circumstances, a hearing to resolve factual disputes is not necessary, as Plaintiff has not contested the issue of exhaustion. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Based on the evidence in the record, the Court finds Plaintiff failed to exhaust his administrative remedies for Shah, David, Reynolds, and Dennison prior to filing this lawsuit, but Plaintiff did exhaust his administrative remedies against Woolard in regard to his emergency grievance dated August 31, 2019.

The Court first considers Plaintiff's grievance dated August 31, 2019. This grievance was initially reviewed and deemed an emergency by the CAO on September 6, 2019. On September 11, 2019, the counselor reviewed and responded to the emergency grievance. However, there is no Grievance Officer response in the record, nor is there any response from the CAO as to the merits of this grievance. Thus, on appeal to the ARB, it requested said responses (Doc. 63-1 at 7).

The Illinois Administrative Code provides that an inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. 20 ILCS § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* § 504.840(a).

Here, the CAO deemed the grievance dated August 31, 2019 an emergency. The Code states, "If the [CAO] determines that the grievance shall be handled on an emergency basis, he or she shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." *Id.* § 504.840(b). Thus, once the CAO deems the grievance an emergency, the Code requires it to be expedited for review. Section 504.840(b) does not set forth any requirement that an offender take any action to process the grievance at his facility once it is deemed an emergency. The only response on this grievance was from the counselor, which is the first step in the grievance process for non-emergent grievances. Thus, the question is whether the counselor's response satisfied § 504.840(b)'s requirement that the CAO respond to the offender "indicating what action shall be or has been taken." Generally, in the grievance process, the CAO responds to the Grievance Officer's report. The requirement that the CAO respond with specific action(s) to be taken cannot happen without the grievance first being reviewed by the Grievance Officer, and that did not happen here. Indeed, there is no response from the CAO as to what action has been or should be taken. Therefore, the Court finds the counselor's response is not sufficient to meet the requirements set forth in § 504.840(b). Because there is no procedure set forth in the Code as to what action Plaintiff should have taken on this emergency grievance following the counselor's response, the Court finds Plaintiff's efforts to exhaust this grievance were thwarted insofar as his institution failed to follow the procedure in addressing the same.

The Court notes that Defendants assert this grievance was not exhausted because it was received by the ARB over four months after receiving the CAO's initial response. This argument is misplaced. Plaintiff's timing in submitting the grievance to the ARB is not relevant as the institution failed to follow the emergency procedures in responding to the same.

Because the Court finds this grievance was exhausted, the only question remaining is

whether the grievance exhausted the claims in this lawsuit against Defendants Shah, David, Reynolds, Dennison, and Woolard.

Grievances must "contain factual details regarding each aspect of the [inmate's] complaint, including . . . the name of each person who is the subject of or who is otherwise involved in the complaint." ILCS § 504.810(c). This condition is tempered in that an offender who does not know the name of each person who is involved in the complaint may simply describe the individual with as much detail as possible. *Id.* The Seventh Circuit has interpreted this as requiring the inmate plaintiff to identify names only to the extent practicable. *See Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010).

Plaintiff's August 31, 2019 grievance does not specifically mention any of the named Defendants. Plaintiff briefly mentions he was seen in the healthcare unit on July 2, 2019 because he felt like he had a stomach virus, and he was provided chew tabs and told there was nothing more to do. Plaintiff does not complain of any ongoing issues with medical treatment or any medical providers specifically or generally. Thus, the Court finds Shawnee was not put on notice that there were ongoing issues to resolve related to Plaintiff's interactions with the medical defendants and this grievance does not exhaust the claims against them.

This grievance, however, clearly complains about issues with the prison food and "food supervisors." Indeed, Plaintiff specifically complains of the deliberate indifference of the "food supervisors," and sets forth many issues concerning the food at Shawnee that is at issue in Count One. Although it is not clear how many "food service supervisors" were employed at Shawnee, the Court finds the reference to the same is sufficient to describe Woolard as the counselor conferred with Woolard to provide a response to Plaintiff's grievance and the counselor addressed Woolard as "FSM" (Food Service Manager). For these reasons, the Court finds this grievance

Page **9** of **12**

put Shawnee on notice of a problem with food service and Food Service Manager Woolard and therefore, it exhausts Plaintiff's claim against Woolard in Count One.

The Court next considers Plaintiff's emergency grievance dated December 30, 2019.  This grievance underwent emergency review by the CAO who deemed it an emergency on January 9, 2020.[2]  The grievance was then sent to the Grievance Officer for expedited review and was reviewed on January 13, 2020.  The Grievance Officer recommended that it be denied, and on January 15, 2020, the CAO concurred with the Grievance Officer.  On January 24, 2020, the ARB received this grievance along with Plaintiff's grievance dated August 31, 2019.  The ARB returned the grievance without a decision on the merits and directed Plaintiff to provide a copy of the Grievance Officer's and CAO's responses.  Plaintiff resubmitted the requested documentation, and it was received by the ARB on March 4, 2020.  The ARB then denied further consideration because it was received 30 days past the CAO's response.  While it appears Plaintiff would have been in receipt of the Grievance Officer's and CAO's responses when he initially sent this grievance to the ARB in January 2020, there is nothing in the record to demonstrate he provided the ARB with the required documentation.  For that reason, the Court finds this grievance was not exhausted in January 2020, and the ARB correctly returned it again on March 5, 2020 due to Plaintiff's failure to submit it for appeal within the proper timeframe.  Accordingly, Plaintiff failed to exhaust his available administrative remedies for his December 30, 2019 emergency grievance.

Finally, the Court considers Plaintiff's emergency grievance dated March 11, 2020.  The

---

[2] The Court notes that the CAO Emergency Review Report (Doc. 63-1 at 8) and Grievance Officer Report (Doc. 63-1 at 2) state the grievance was deemed an emergency on January 8, 2020 while the grievance states the CAO deemed it an emergency on January 9, 2020.  This discrepancy exists but is immaterial.

Grievance Officer received the grievance on March 17, 2020, and on March 23, 2020, the CAO expedited the grievance as an emergency. The Grievance Officer reviewed and denied the grievance on April 14, 2020, and on the same day, the CAO concurred. Plaintiff filed this lawsuit on April 7, 2020. Plaintiff was released on parole April 24, 2020[3]. Plaintiff never appealed this grievance to the ARB.

The Court acknowledges there is a question of fact concerning the fifteen-day delay in receiving the CAO's response to the emergency nature of the grievance. *See, e.g., Muhammad v. McAdory*, 214 F. App'x 610, 613 (7th Cir. 2007) (finding a genuine issue of material fact existed concerning whether prison officials thwarted the plaintiff's efforts to exhaust his administrative remedies when they did not respond to his emergency grievance 51 days after he filed it); *see also Godfrey v. Harrington*, Case No. 13-cv-280-NJR-DGW, 2015 WL 1228829, at *7 (S.D. Ill. Mar. 16, 2015) (finding that an inmate waiting sixteen days after filing an emergency grievance may be sufficient to exhaust, particularly when the inmate is in imminent danger of harm from a cellmate). However, such a finding is not dispositive here as it is clear that the contents of this grievance do not exhaust the claims against Defendants. Indeed, Plaintiff failed to name or describe any defendant or individual in this grievance, in contravention of § 504.810 of the Code. Plaintiff merely complains generally about a medication line issue, not a medical treatment issue. Thus, the facility would not have notice there was an issue with treatment rendered by any of the medical defendants and could not address the same.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment for Plaintiff's Failure to

---

[3] Plaintiff's parole date was found on the IDOC's website using the inmate search function, and the Court may take judicial notice of the accuracy of the same. *See Denius v. Dunlap*, 330 F.3d 919 (7th Cir. 2003).

Exhaust Administrative Remedies filed by Defendants Vipin Shah, M.D., Alfonso David, M.D., and Machel Reynolds, LPN (Doc. 58) is **GRANTED**, and the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Jeffery Dennison and Bobby Woolard (Doc. 62) is **GRANTED IN PART AND DENIED IN PART**.

Defendants Shah, David, Reynolds, and Dennison are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff shall proceed on the following claim:

> Count One: Eighth Amendment deliberate indifference claim against Woolard for allowing Plaintiff to be served old and moldy food which sickened him and for failing to remedy the problem.

**IT IS SO ORDERED.**

**DATED: April 6, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**