IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONTE ESKRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   20-cv-338-RJD |
| | ) | |
| BOBBY WOOLARD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant's Motion to Dismiss for Want of Prosecution (Doc. 85).   For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff Ronte Eskridge, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit while he was incarcerated at Shawnee Correctional Center ("Shawnee"), pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.   In his complaint, Plaintiff alleges the food served at Shawnee made him seriously ill and he was denied necessary medical treatment related to the same.   Following a screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and an Order on Defendants' motions for summary judgment on the issue of exhaustion of administrative remedies, Plaintiff proceeds in this action on an Eighth Amendment claim of deliberate indifference against Defendant Bobby Woolard for allowing Plaintiff to be served old and moldy food that sickened him, and for failing to remedy the problem (*see* Docs. 12, 71).

As noted in the Court's screening order, Plaintiff filed this action while he was

incarcerated, but at the time the screening order was completed he had been released on parole (Doc. 12 at 1). Upon his release from custody, Plaintiff did not notify the Court of a change in address; rather, the Court updated his address per an envelope it received from Plaintiff that included his new return address.

In the Court's screening order, Plaintiff was advised that he is under a continuing obligation to keep the Clerk of Court and opposing parties informed of any change in his address (*see* Doc. 12 at 11). Despite this admonition, the Court has twice received notices that the mail sent to Plaintiff was returned as undeliverable (*see* Docs. 80, 84). Upon receipt of the first "undeliverable" notice, the Court issued an order to show cause directing Plaintiff to update his address as soon as possible and explain why he has not complied with the Court's order regarding his continuing obligation to keep the Court informed of any change in his address (*see* Doc. 83). Plaintiff's show cause response was due by June 1, 2023. Unsurprisingly, no response was received as this show cause order was also returned as "undeliverable."

In his motion now before the Court, Defendant also represents that Plaintiff has failed to respond to electric mail correspondence and phone calls from at least mid-May to the date his motion to dismiss was filed on June 27, 2023. Counsel for Defendant has attempted to communicate with Plaintiff regarding certain medical records that Plaintiff indicated had been placed in the mail in February 2023 that necessitated the filing of the two motions for extension of time filed by Defendant (*see* Docs. 78, 81). Because Plaintiff has not responded to counsel for Defendant's efforts, Defendant asserts he cannot depose Plaintiff and prepare a dispositive motion.

## Discussion

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be

dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Dismissal in this case is warranted under Rule 41(b). Plaintiff has failed to engage in discovery with Defendant and has not yet sat for a deposition. As a result, Defendant has not been able to file a dispositive motion. Plaintiff also failed to follow the Court's order directing prompt notification of any change in address. As a result, mail sent to Plaintiff since February 2023 has been returned as undeliverable. Plaintiff also failed to address a Show Cause Order prompted by a notice of "undeliverable" mail. The Court also notes that Plaintiff has failed to respond to Defendant's motion to dismiss despite being given sufficient time and opportunity.

While there may be lesser sanctions available, they would be unavailing as Plaintiff has

clearly lost interest in litigating this case.   At this juncture, the discovery deadline passed on June 7, 2023, and dispositive motions were to be filed on July 7, 2023.   Defendant clearly cannot file a dispositive motion without Plaintiff's cooperation in being deposed.   The Court is not inclined to expend significant resources, and require Defendant to do the same, if Plaintiff is not demonstrating diligence in pursuing this case.

For these reasons, Defendant's Motion to Dismiss for Want of Prosecution (Doc. 85) is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).   The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 1, 2023**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**